702 So.2d 601 (1997)
Philippe H. MORANSAIS, Appellant,
v.
Paul S. HEATHMAN, an individual, Bromwell & Carrier, Inc., a Florida corporation, Lennon D. Jordan and J. Larry Sauls, Appellees.
No. 96-03552.
District Court of Appeal of Florida, Second District.
December 3, 1997.
*602 Paul L. Huey of Bush, Ross, Gardner, Warren & Rudy, P.A., Tampa, for Appellant.
C. Geoffrey Vining of C. Geoffrey Vining, P.A., Lakeland, for Appellees.
PER CURIAM.
Philippe H. Moransais appeals the trial court's dismissal with prejudice of his negligence action against two engineers, Lennon D. Jordan and J. Larry Sauls. We affirm the dismissal because this negligence action is barred by the economic loss rule. In light of a probable conflict between this decision and Southland Construction, Inc. v. Richeson Corp., 642 So.2d 5 (Fla. 5th DCA 1994), and given the continuing uncertainty surrounding the economic loss rule, we certify the following question to the supreme court as an issue of great public importance:
WHEN THE ALLEGED DAMAGES ARE PURELY ECONOMIC, CAN THE PURCHASER OF A RESIDENCE, WHO CONTRACTS WITH AN ENGINEERING CORPORATION FOR A PRE-PURCHASE INSPECTION, MAINTAIN A PROFESSIONAL NEGLIGENCE ACTION AGAINST THE LICENSED ENGINEER WHO PERFORMED THE INSPECTION AS AN EMPLOYEE OF THE ENGINEERING CORPORATION ?
In June 1993, Moransais contracted to purchase a home in Lakeland, Florida, from Paul S. Heathman. The contract contained a standard inspection clause, and Moransais contracted with Bromwell & Carrier, Inc. (BCI), an engineering corporation, to perform an inspection of the home before he purchased it. This "Contract for Professional Services" was performed on a time and materials basis with a budget of $600. The contract contained a clause limiting the corporation's liability to $50,000. It was signed for the corporation by Lennon D. Jordan, as chief of the civil engineering division.
Mr. Jordan and Mr. Sauls performed this inspection in June 1993. Their report reflects some limited concern about the foundation, but contains no significant disclosures concerning the air conditioning system, the electrical system, or the roof. Moransais alleges that he relied on this report when he purchased the home. Thereafter, he discovered defects in the home that allegedly render it uninhabitable.[1]
Moransais filed a lawsuit against Mr. Heathman alleging breach of contract and fraud. He also sued BCI for breach of contract and included counts against Mr. Jordan and Mr. Sauls for professional negligence as engineers licensed pursuant to Chapter 471, Florida Statutes (1993). The complaint alleges no bodily injury or property damage. Moransais' damages fall within the definition of "economic loss" contained in Casa Clara *603 Condominium Ass'n v. Charley Toppino and Sons, 620 So.2d 1244 (Fla.1993).
The trial court dismissed the negligence action against the two engineers based on its conclusion that our decision in Sandarac Ass'n v. W.R. Frizzell Architects, 609 So.2d 1349 (Fla. 2d DCA 1992), compelled dismissal, but questioned whether provisions in Chapter 471 should allow a different result. The trial court also indicated that it would not have dismissed the action if it were allowed to follow the Fifth District's decision in Southland Construction, 642 So.2d 5.
As we observed in Sandarac, the economic loss rule is largely a restatement of the traditional common law rule that negligence law is intended primarily to protect interests concerning the safety of one's person and property. Those interests are usually ones that people have no opportunity to protect in private contracts.
Through the law of negligence and the reasonable person standard, the judiciary allocates these risks among the members of society because private agreements simply cannot effectively accomplish the task.
....
From this perspective, an "exception" to the economic loss rule is actually an expansion of negligence law to protect interests not traditionally protected by negligence law. The exception creates a new relationship of duty and a corresponding standard of care to protect a purely economic interest in the absence of bodily injury or property damage.
There is nothing inherently right or wrong with a judicial decision to expand negligence to protect such a new interest. When the judiciary creates a new duty in negligence to protect economic interests, however, it should be aware that it is not merely creating an exception to an existing common law rule of damages. It should be convinced that the problem justifies a judicial allocation of the relevant risks among the members of society, and that an adequate remedy cannot realistically exist through private contracts and statutory remedies.
Sandarac, 609 So.2d at 1352.
The case before us is not one where the party claiming economic loss is without a remedy unless a negligence theory is employed. Moransais chose to obtain the services of an engineer by contracting with an engineering firm rather than an individual engineer. He is a party to the contract under which the inspection work he complains about was done and his breach of contract claim is still pending. He now seeks to recover economic damages, not only from the party he contracted with to perform the work, but also from the employees who performed the work on behalf of the contracting party. To allow a negligence claim against the individual engineers who performed the contract work and with whom Moransais has no traditional professional/client relationship runs afoul of the economic loss rule by allowing Moransais to pursue in tort what amounts to a breach of contract claim and, thereby, expand his remedy for breach of contract beyond that which he agreed to.
We recognize that licensed engineers are not automatically shielded from liability for professional malpractice by virtue of practicing through a corporation or partnership. However, on the facts of the case before us, we do not read chapter 471 to create a separate cause of action against the individual engineers with whom Moransais had no contract and no traditional professional/client relationship. Such a reading would create a duty in negligence that would, in turn, provide a remedy for which no consideration was given.
We affirm the trial court's dismissal of the negligence action against the individual engineers.
PARKER, C.J., and FULMER and QUINCE, JJ., concur.
NOTES
[1] The record is limited to the relevant pleading and exhibits. There is no discovery available to this court. Accordingly, the nature and extent of the defects cannot be further specified.